IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| ALBERT LYNN WHIPPLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 316-071 |
| | ) | |
| NANCY A. BERRYHILL, Acting | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

_____

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
_____

Albert Lynn Whipple appeals the decision of the Acting Commissioner of Social Security denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act. Upon consideration of the briefs, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's final decision be **REVERSED** and the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

## I.     BACKGROUND

Plaintiff protectively applied for DIB and SSI on February 4, 2013, alleging a disability onset date of December 16, 2011. Tr. ("R."), pp. 231-43, 252. At the administrative hearing, Plaintiff amended his onset date to September 1, 2012. R. 39, 64. Plaintiff was forty-one years old at his amended alleged disability onset date and was forty-four years old when the

Administrative Law Judge ("ALJ") issued the decision currently under consideration.  R. 46, 252.  Plaintiff applied for disability benefits based on a combination of alleged impairments, including a back injury, herniated disc in the neck, arthritis, depression, two right hip replacements, and problems with the left hip and right knee.  R. 41, 264, 455.  Prior to his alleged disability, Plaintiff accrued a relevant work history as an assistant manager in a department store, math instructor, special education assistant, and in school suspension monitor.  R. 45, 95-96, 265.

The Social Security Administration denied Plaintiff's applications initially and on reconsideration.  R. 161-68, 171-78.  Plaintiff then requested a hearing before an ALJ, R. 179-80, and the ALJ held a hearing on January 15, 2015.  R. 52-104.  At the hearing, the ALJ heard testimony from Plaintiff, who was represented by counsel, as well as from Dr. Rodney Caldwell, a Vocational Expert ("VE").  The ALJ issued an unfavorable decision on March 9, 2015.  R. 36-51.

Applying the sequential process required by 20 C.F.R. §§ 404.1520 and 416.920, the ALJ found:

1. The claimant has not engaged in substantial gainful activity since September 1, 2012, the amended alleged onset date (20 C.F.R. §§ 404.1571 *et seq.* and 416.971 *et seq.*).

2. The claimant has the following severe impairments:  status post total right hip replacement, degenerative disc disease lumbar spine, degenerative disc disease cervical spine, and right knee osteoarthritis (20 C.F.R. §§ 404.1520(c) and 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

4. The claimant has the residual functional capacity ("RFC") to perform light work, as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) except claimant can sit six hours total in an eight hour workday; claimant can stand/walk four

> hours in an eight hour workday; claimant can frequently operate foot controls
> bilaterally; claimant can occasionally climb stairs, balance, stoop, kneel,
> crouch, and crawl; claimant cannot climb ladders; and claimant cannot work
> at unprotected heights.[1]   The claimant is capable of performing past relevant
> work as a math instructor, special education assistant, and in school
> suspension supervisor.  This work does not require the performance of work-
> related activities precluded by the claimant's RFC (20 C.F.R. §§ 404.1565 and
> 416.965).

R. 41-45.

Because the ALJ determined Plaintiff could perform his past relevant work, the

sequential evaluation process stopped, and the ALJ concluded Plaintiff was not under a

disability, as defined in the Social Security Act, from September 1, 2012, through the date of the

decision, March 9, 2015.  R. 46.  When the Appeals Council ("AC") denied Plaintiff's request

for review, R. 1-4, the Commissioner's decision became "final" for the purpose of judicial

review.  42 U.S.C. § 405(g).  Plaintiff then filed this civil action requesting reversal or remand of

the adverse decision.   Plaintiff argues the Commissioner's decision is not supported by

substantial evidence because (1) the ALJ afforded little evidentiary value to the opinion of

treating physician K. Scott Malone, M.D.; (2) the ALJ improperly analyzed Plaintiff's subjective

complaints and credibility; and (3) the ALJ improperly concluded Plaintiff could return to his

---

[1]"Light work" is defined as:

lifting no more than 20 pounds at a time with frequent lifting or carrying of
objects weighing up to 10 pounds.  Even though the weight lifted may be very
little, a job is in this category when it requires a good deal of walking or standing,
or when it involves sitting most of the time with some pushing and pulling of arm
or leg controls.  To be considered capable of performing a full or wide range of
light work, you must have the ability to do substantially all of these activities.   If
someone can do light work, we determine that he or she can also do sedentary
work, unless there are additional limiting factors such as loss of fine dexterity or
inability to sit for long periods of time.

20 C.F.R. §§ 404.1567(b) & 416.967(b).

past relevant work.   See doc. no. 13 ("Pl.'s Br.") & doc. no. 19 ("Pl.'s Reply").   The Commissioner maintains the ALJ's decision that Plaintiff was not disabled is supported by substantial evidence.

## II.      STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, and (2) whether the Commissioner applied the correct legal standards.   Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997).   When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's.   Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991).   Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them.   Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991).   Substantial evidence is "more than a scintilla, but less than a preponderance:   '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'"   Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239).   If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant.   Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004).   Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence

and disregards other contrary evidence is not based upon substantial evidence.  McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to her conclusions of law, which enjoy no presumption of validity.  Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard).  If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision.  Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III.   DISCUSSION

The ALJ gave little evidentiary value to the opinion of Dr. Malone that Plaintiff could perform sedentary desk type work only.  R. 44.  In support of this determination, the ALJ noted Plaintiff had a "thorough and valid functional capacity evaluation ["FCE"] that showed [Plaintiff's] abilities fell within the medium exertional work level."  Id.  Plaintiff argues the ALJ "erred by misreading the FCE and relying on it without confronting the limitations identified" when he determined Plaintiff could perform his past relevant work as a math instructor, special education assistant, and in school suspension supervisor as those jobs are generally performed at the light exertional level.  Pl.'s Reply, p. 2; R. 46.  Because the ALJ discredited the opinion of treating physician Malone by relying on the FCE without adequate explanation, and relied, in part, on that determination in evaluating Plaintiff's subjective complaints, the Court concludes the case should be remanded.

### A.    Assigning Weight to Medical Opinions

In the Eleventh Circuit, a treating physician's opinion must be given substantial

5

weight.  Hillsman v. Bowen, 804 F.2d 1179, 1181 (11th Cir. 1986).  Refusal to give a treating physician's opinion substantial weight requires that the Commissioner show good cause.  Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1159 (11th Cir. 2004); Schnorr v. Bowen, 816 F.2d 578, 581 (11th Cir. 1987).  "The [Commissioner] must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error."  MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986).

The Commissioner, however, is not obligated to agree with a medical opinion if the evidence tends toward a contrary conclusion.  Sryock v. Heckler, 764 F.2d 834, 835 (11th Cir. 1985).  Indeed, a treating physician's opinion may be properly discounted if it is unsupported by objective medical evidence, is merely conclusory, or is inconsistent with the physician's medical records.  Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997); see also Phillips v. Barnhart, 357 F.3d 1232, 1241 (11th Cir. 2004) (affirming ALJ's rejection of treating physician's opinion when such opinion conflicted with the doctor's treatment notes and claimant's testimony regarding daily activities).

When considering how much weight to give a medical opinion, the ALJ must consider a number of factors:

> (1) whether the doctor has examined the claimant; (2) the length, nature and extent of a treating doctor's relationship with the claimant; (3) the medical evidence and explanation supporting the doctor's opinion; (4) how consistent the doctor's "opinion is with the record as a whole"; and (5) the doctor's specialization.

Forsyth v. Comm'r of Soc. Sec., 503 F. App'x 892, 893 (11th Cir. 2013) (citing 20 C.F.R. §§ 404.1527(c), 416.927(c)).  In particular, the Commissioner's regulations require that the opinions of examining physicians be given more weight than non-examining physicians, the opinions of treating physicians be given more weight than non-treating physicians, and the

6

opinions of specialists (on issues within their areas of expertise) be given more weight than non-specialists.  See 20 C.F.R. §§ 404.1527(c)(1)-(2), (5).  However, Social Security Ruling ("SSR") 96-6p provides that findings of fact made by state agency medical consultants regarding the nature and severity of an individual's impairments must be treated as expert opinion evidence of a nonexamining source at the ALJ and AC levels of administrative review.  SSR 96-6p, 1996 WL 374180, at *1 (July 2, 1996).

### B.      Evaluating Subjective Complaints

The Eleventh Circuit has established a three-part standard for evaluating a claimant's subjective complaints.  Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991).  Under the Eleventh Circuit's standard, Plaintiff must show:  (1) evidence of an underlying medical condition, and either (2) objective medical evidence that confirms the severity of the alleged symptoms or the restriction arising therefrom, or (3) that the objectively determined medical condition is such that it can reasonably be expected to give rise to the claimed restriction.  Id. When discrediting a claimant's subjective allegations of disabling symptoms, the ALJ must articulate "explicit and adequate" reasons for doing so, or "the implication must be so clear as to amount to a specific credibility finding."  Foote v. Chater, 67 F.3d 1553, 1561-62 (11th Cir. 1995).  Under the applicable regulations, the ALJ must consider "all evidence, including subjective statements about the intensity, persistence, and functionally limiting effects of pain [as well as] the objective medical evidence, laboratory findings and statements from treating or nontreating sources about how the symptoms affect the claimant in deciding the issue of disability."  Jarrell v. Comm'r of Soc. Sec., 433 F. App'x 812, 814 (11th Cir. 2011) (citing 20 C.F.R. § 404.1529(c)(4)).

"Credibility determinations are, of course, for the [Commissioner], not the courts." Ryan v. Heckler, 762 F.2d 939, 942 (11th Cir. 1985).  Moreover, this Court is required to uphold the Commissioner's credibility determination if it is supported by substantial evidence.  Fortenberry v. Harris, 612 F.2d 947, 950 (5th Cir. 1980).[2]  As the Eleventh Circuit explained:

> Although this circuit does not require an explicit finding as to credibility, . . . the implication must be obvious to the reviewing court.  The credibility determination does not need to cite particular phrases or formulations but it cannot merely be a broad rejection which is not enough to enable [the district court or this Court] to conclude that [the ALJ] considered [the claimant's] medical condition as a whole.

Dyer v. Barnhart, 395 F.3d 1206, 1210-11 (11th Cir. 2005) (internal quotation marks and citations omitted).

When reviewing the ALJ's credibility determination, "[t]he question is not . . .  whether [the] ALJ could have reasonably credited [the claimant's] testimony, but whether the ALJ was clearly wrong to discredit it." Werner v. Comm'r of Soc. Sec., 421 F. App'x 935, 939 & n.3 (11th Cir. 2011).

## C.   ALJ's Analysis

The ALJ's discussion of Dr. Malone's January 18, 2013, opinion Plaintiff could perform only sedentary work was brief.  (R. 44 (citing Ex. B4, 18-19, R. 479-80)).  The ALJ effectively dismissed Dr. Malone's sedentary assessment out of hand in favor of Dr. Malone's FCE dated October 2, 2012.  R. 485-89.  The ALJ did not discuss the treatment notes from Middle Georgia Orthopaedic Surgery and Sports Medicine (Middle Georgia Orthopaedic), where Dr. Malone and another treating physician, William B. Wiley, regularly treated Plaintiff since 2007, that were attached to the January 18th opinion.  R. 481-83.

---

[2]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

The October 2, 2012 FCE, performed at Middle Georgia Orthopedic and signed by Dr. Malone and evaluator Brian Tharpe, concluded Plaintiff's abilities fell within a medium exertional level, as defined in the report in accordance with United States Department of Labor Dictionary of Occupational Titles.  R. 486, 489.  Notably, the ALJ did not address whether the medium exertional work level as defined in the FCE comported with the Commissioner's definition of physical exertional requirements as defined in 20 C.F.R. § 404.1567.  R. 44.  SSR 96-5p cautions against making inferences of a claimant's exertional abilities based on terminology employed by sources outside of the Social Security Administration.[3]  SSR 96-5p, 1996 WL 374183, at *5 (July 2, 1996) ("From time-to-time, medial sources may provide opinions that . . . appear to use the terms set out in our regulations and Rulings to describe exertional levels of maximum sustained work capability. Adjudicators must not assume that a medical source . . . is aware of our definitions of these terms."  Id.)  Plaintiff provides an example of just such a discrepancy arising in this case regarding the medium work conclusion in the FCE.

The FCE defines "occasional" as 6%-33% of the time in an eight-hour workday, and the FCE concluded Plaintiff could "occasionally" stand or walk.  (R. 488.)  The FCE also states Plaintiff needs to frequently (34% to 66% of an eight-hour day) alternate between sitting, standing, and walking.  According to SSR 83-10, "[a] full range of medium work requires standing or walking, off and on, for a total of approximately 6 hours in an 8-hour workday."  SSR 83-10, 1983 WL 31251, at *6 (Jan. 1, 1983).  If Plaintiff is only able to "occasionally" stand or walk 33% of an eight-hour day, or 2.6 hours, that would not meet the

---

[3]Social Security Rulings are agency rulings "published under the authority of the Commissioner of Social Security and are binding on all components of the Administration." Sullivan .v Zebley, 493 U.S. 521, 530 n.9 (1990) (citing 20 C.F.R. § 422.408 (1989)).

six hour requirement for medium work per the Commissioner's regulations.  Moreover, despite characterizing the FCE as valid and deserving of "significant weight," the ALJ's RFC stated Plaintiff could stand / walk for four hours in each work day.  R. 43.[4]

In support of the RFC, the ALJ states he gave significant weight to the opinion of treating physician Jeremy Richter, M.D., who "could not find an objective cause for claimant's pain" on October 30, 2014.  R. 44, 45 (citing Ex. BF11 (R. 594)).  Yet, there is no explanation how the ALJ extrapolated this statement into support for the conclusion Plaintiff could perform light work.  Moreover, although the ALJ afforded significant weight to the FCE, there is no explanation for leaving out of the RFC a need to alternate between sitting, standing, and walking as stated in the RFC.  R. 43, 488.

Thus, it appears the ALJ discounted the opinion of Dr. Malone regarding sedentary work in favor of an FCE, which also bears Dr. Malone's name, concluding Plaintiff could perform "medium" work.  Then, the ALJ formulated an RFC finding Plaintiff could perform past relevant light work.  As Plaintiff succinctly summarizes, the ALJ mischaracterized the FCE, never rejected its findings, but then misread it to formulate an RFC for Plaintiff.  Pl.'s Reply, pp. 3-4.

Compounding the confusion regarding the ALJ's basis for discrediting the opinion of Dr. Malone regarding sedentary work, the ALJ also discredited Plaintiff's subjective complaints, in part, based on the improper characterization in the FCE of an ability to do medium work.  Of course, if the ALJ did not properly interpret and use the FCE to create

---

[4]It appears that specific limitation came from non-examining State Agency Consultants whom concluded Plaintiff could perform light work.  R. 45 (citing Exs. 1A, 2A, 5A, and 6A).  The ALJ stated the opinions of those State Agency Consultants were entitled to significant weight based on little more explanation than the recommendation for light work is "consistent with the evidence of record."  R. 45.  No specific examples of this consistency are identified.

Plaintiff's RFC, then any resultant conclusions about discrediting Plaintiff's claimed limitations based on that interpretation are also improper.

Likewise, the ALJ discredited Plaintiff's allegations concerning depressive disorder by giving significant weight to the opinion of psychological consultative examiner, Duane A. Harris, Psy.D.  R. 45 (citing Ex. B[3]F).  The ALJ does not identify any specific portion of Dr. Harris's report he is giving significant weight.  Presumably, the ALJ approves of Dr. Harris's final conclusion that Plaintiff's depressive symptoms are insufficient to meet the criteria for major depressive disorder, but the report also states Plaintiff tested for moderate depression within the past two weeks of the test date, and his prognosis was fair.  R. 459.

The ALJ does, however, state the opinions of the State Agency Psychologists support the RFC containing no mental restrictions.  R. 45 (citing Exs. 1A, 2A, 5A, and 6A).  But the ALJ misstated the findings of those State Agency Psychologists.  Two separate State Agency Psychologists opined Plaintiff had mild difficulties in maintaining concentration, persistence, or pace, (R. 110, 122), yet the ALJ stated Plaintiff had no limitation in this area.  R. 42.

Furthermore, when presenting a hypothetical to the VE, the ALJ included no mental limitations and accepted a description of Plaintiff's past relevant work as a math instructor as a skilled occupation with an SVP of 7.[5]  R. 96.  When Plaintiff's counsel presented a hypothetical which included limitations to simple, routine, repetitive tasks, or unskilled work at an SVP of 1 or 2, the VE stated Plaintiff's past relevant work was not an option.  R. 101. The ALJ's passing statement in the opinion (R.46) that the VE found three additional jobs

---

[5]Using the skill level definitions in 20 C.F.R. §§ 404.1568 and 416.968(c), the Dictionary of Occupational Titles lists a specific vocational preparation (SVP) time of 7 as skilled work. See SSR 00-4p, 2000 WL 1898704, at *3 (Dec. 4, 2000).  Skilled work requires use of judgment and may require "dealing with people, facts, or figures or abstract ideas at a high level of complexity."  20 C.F.R. §§ 404.1568(c) & 416.968(c).

Plaintiff could perform with the restrictions stated by counsel is of no use to the Court's determination whether substantial evidence supports the administrative decision because the three additional jobs were not Plaintiff's past relevant work, the basis for the ALJ's "not disabled" determination.

Absent an administrative explanation that provides the Court the means to determine whether the correct standards were applied, reversal is appropriate. See Wiggins, 679 F.2d at 1389. The Court cannot now engage in an administrative review that was not done in the first instance at the administrative level, but rather must examine the administrative decision as delivered. Mills v. Astrue, 226 F. App'x 926, 931-32 (11th Cir. 2007) (*per curiam*) (acknowledging evidence in the record not mentioned by the ALJ may support administrative decision but concluding that court could not "say the error was harmless without re-weighing the evidence," which would require "conjecture that invades the province of the ALJ"); see also Martin v. Heckler, 748 F.2d 1027, 1031 (5th Cir. 1984) (noting it to be "inappropriate on judicial review for the first time to apply administrative criteria not themselves considered by the [Commissioner]"). Of course, the Court offers no opinion on what a proper administrative analysis will reveal. Indeed, the opinion of Dr. Malone upon which Plaintiff places significant reliance also qualifies the sedentary opinion with the observation Plaintiff had not reached maximum medical improvement at the time the January 2013 opinion was offered. R. 479. Nevertheless, the analysis must be done in the first instance at the administrative level.

Given the ambiguity in the record concerning the ALJ's reliance on an FCE for medium work and misstatements of other medical opinions given significant weight in evaluating Plaintiff's alleged disabling conditions, remand is warranted. The Court need not

reach Plaintiff's remaining contentions.  Cf. Pendley v. Heckler, 767 F.2d 1561, 1563 (11th Cir. 1985) ("Because the 'misuse of the expert testimony alone warrants reversal,' we do not consider the appellant's other claims.")  Of course, should the District Judge accept this recommendation, on remand, Plaintiff's claims must be evaluated in accordance with the five-step sequential evaluation process and in compliance with the applicable regulations and case law in all respects.

## IV.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's final decision be **REVERSED** and the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

SO REPORTED and RECOMMENDED this 26th day of October, 2017, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA