IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |  |
|---|---|---|
| ALBERT LYNN WHIPPLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 316-071 |
| | ) | |
| ANDREW M. SAUL, Commissioner | ) | |
| of Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Before the Court is Plaintiff's motion for attorney's fees pursuant to 42 U.S.C. § 406(b)(1). (Doc. no. 29.) For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Plaintiff's motion be **DENIED**.

**I.   BACKGROUND**

On November 14, 2017, the Court granted a reversal and remand pursuant to sentence four of 42 U.S.C. § 405(g), and on February 14, 2018, awarded Plaintiff $7,825.94 in attorney's fees under the Equal Access to Justice Act ("EAJA"). (Doc. nos. 22, 28.) On September 9, 2019, Plaintiff filed a motion seeking attorney's fees pursuant to § 406(b), based on a series of notices from September 27, 2018 through August 24, 2019, regarding past-due benefits awarded to Plaintiff by the Commissioner, at an amount based on a contingent-fee agreement to pay counsel a "fee equal to 25% of the past due benefits

awarded to my family and me." (Doc. no. 29 & Ex. 1.) The Commissioner opposes the motion, arguing Plaintiff's counsel incorrectly calculated the total past due benefits amount, and with the proper calculation of the past due benefits, no § 406(b) fees should be paid to counsel. (Doc. no. 33.)

## II. DISCUSSION

### A. Attorney Fee Awards in Social Security Cases

Attorney's fee awards in Social Security cases are governed by two statutes, 42 U.S.C. § 406(b), and 28 U.S.C. § 2412 of the EAJA. See Jackson v. Comm'r of Soc. Sec., 601 F.3d 1268, 1271 (11th Cir. 2010). Under 28 U.S.C. § 2412 of the EAJA, counsel may petition for a fee award based on an hourly rate. Alternatively, counsel may seek a reasonable contingency fee pursuant to 42 U.S.C. § 406(b) not in excess of "25 percent of the total of the past-due benefits to which the claimant is entitled." Bergen v. Comm'r of Soc. Sec., 454 F.3d 1273, 1276 (11th Cir. 2006) (*per curiam*) (citing § 406(b)(1)(A)). The fee is payable "out of, and not in addition to, the amount of the past-due benefits." Gisbrecht v. Barnhart, 535 U.S. 789, 795 (2002). Counsel can obtain a § 406(b) award even after receipt of EAJA fees, but an attorney who receives fees under both the EAJA and § 406(b) must refund the smaller fee to his client to avoid double recovery. See id. at 796; Jackson, 601 F.3d at 1273-74; Paltan v. Comm'r of Soc. Sec., 518 F. App'x 673, 674 (11th Cir. 2013) (*per curiam*) ("[T]he 'Savings Provision' of the EAJA required [claimant's counsel] to refund either the EAJA award or the § 406(b) award, whichever was smaller."); Brown v. Astrue, No. CV 411-152, 2014 WL 4928880, at *1 (S.D. Ga. Sept. 30, 2014).

### B.     Correct Calculation of Total Past Due Benefits Dictates No § 406(b) Award Available

The starting point, then, is the calculation of the amount of relevant total past benefits awarded.  According to Plaintiff's calculation based on "a series of notices," the relevant past benefits award is $61,390.00, and twenty-five percent of that amount, plus $333.50 already withheld for attorney's fees based on Plaintiff's child's entitlement to benefits, is $15,681.00. (Doc. no. 29 and Exs. 2 & 3.)  Recognizing EAJA fees have already been awarded in the amount of $7,825.94, Plaintiff's counsel seeks a § 406(b) award of $7,855.06.  (Id. at 3.)

The Commissioner does not challenge the reasonableness of a § 406(b) fee award and does not generally oppose an award up to twenty-five percent of past due amounts.  (Doc. no. 33, pp. 1-2.)  However, because of the procedural posture of the benefits application under consideration in this federal appeal and a subsequent benefits application filed while the appeal was pending, the Commissioner argues Plaintiff's calculation is over-inclusive of the total past benefits awarded as a result of the appeal.  (Id. at 2-4 and Exs. A & B; doc. no. 34.) The Court notes after the Commissioner filed his brief discussing the multiple applications and awards at issue and explaining the over-inclusive calculation utilized by Plaintiff's counsel, no responsive briefing challenged the Commissioner's deciphering of the administrative proceedings after remand and identifying the relevant total past benefits awarded.

In a nutshell, the application under consideration in this appeal was filed in 2013. (See doc. no. 20, p. 1.)  As a result of the subsequent 2016 application filed while this appeal was pending, the Commissioner found Plaintiff disabled in September 2018, and awarded

benefits for a period covering October 2015 through September 2018. (Doc. no. 33, p. 2 & Ex. A(1).) As a result of the remand in this federal appeal, in January of 2019, the Appeals Council ("AC") vacated the decision on the 2013 application and ordered a new decision. (Id. at 2-3 & Ex. A(2).) In ordering a new decision on the 2013 application, the AC noted the favorable 2018 decision on Plaintiff's 2016 application improperly reached back to part of the time at issue in the 2013 application and, without vacating the 2018 favorable decision, instructed the Administrative Law Judge ("ALJ") to consolidate the 2013 and 2016 applications. (Id. at 3 & Ex. A(2).) The ALJ's 2019 decision on the consolidated applications added benefits to what was awarded in the favorable 2018 decision, making the total past due benefits eligible for a twenty-five percent award to counsel $24,372.00, covering February 2013 through September 2015. (Id. at 3 & Ex. A(3).)

Twenty-five percent of $24,372.00, plus the $333.50 withheld for attorney's fees based on Plaintiff's child's entitlement to benefits, totals $6,426.50.[1] However, as discussed above, an EAJA award has previously been made in the amount of $7,825.94. (See doc. no. 28.) Counsel receiving fees under both the EAJA and § 406(b) must refund the smaller fee to his client. See Jackson, 601 F.3d at 1273-74; Paltan, 518 F. App'x at 674. Because the EAJA fee award is larger than the twenty-five percent of relevant past due benefits available, the lesser amount would have to be returned, meaning Plaintiff's attorney should not be awarded any fees under § 406(b).

## III.   CONCLUSION

For the reasons explained above, the Court **REPORTS** and **RECOMMENDS**

---

[1] As demonstrated in the briefing, the numbers at issue are easily confused. However, the Court concludes the correct calculation is based on $2<u>4</u>,372.00, rather than the $2<u>3</u>,372.00 listed in the conclusion of the Commissioner's brief. (Doc. no. 33, p. 4.)

Plaintiff's motion for attorney's fees under § 406(b) be **DENIED**.  (Doc. no. 29.)

SO REPORTED and RECOMMENDED this 14th day of November, 2019, at Augusta, Georgia.

*[signature]*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA